UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAYMUNDO LEAL,<br><br>Plaintiff,<br><br>v.<br><br>P.O. MUZUKA, et al.,<br><br>Defendants. | Case No. 1:19-cv-01223-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Jose Raymundo Leal ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action on September 5, 2019.  (Doc. No. 1.)  Plaintiff's complaint is currently before the Court for screening.

**II.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

1

572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff names P.O. Mazuka, a Probation Officer with the Kings County Probation Department, and Child Protective Services ("CPS") as defendants. In his form complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his Fifth Amendment rights as well as claims for "false information, slander, [and] defamation of character." (Doc. No. 1 at 3.)

Plaintiff alleges that he was released from Wasco State Prison and was in the process of family reunification services. CPS was determined to have his newborn and two-year-old daughters adopted and asked Plaintiff's probation officer about his special conditions of probation. Plaintiff contends that he had none upon release but, after CPS talked to Plaintiff's probation officer, the probation officer called Plaintiff and stated he had special conditions to sign. Plaintiff's probation officer made Plaintiff sign conditions that he would not be allowed around minors under eighteen years of age. CPS then denied Plaintiff's reunification and took his parental rights.

Plaintiff further alleges that he appeared in front of a judge for violation of his probation and asked why he had special conditions. The judge stated that there were no special conditions on record and only a judge had authority to make those conditions. Plaintiff was found to be not in violation of his probation. Another probation officer tried to help Plaintiff get visits started, but by that time Plaintiff's daughters had been adopted by another family. Plaintiff has filed an appeal but has not received any response.

In his request for relief, Plaintiff requests that his children be returned to him, counseling for him and his children, an apology, and for defendants to be accountable for lies they told.

1  Plaintiff states that if a jury decides to grant him and his family funding for the pain this situation
2  has caused then so be it, but that is not what Plaintiff is looking for.

3  **IV.    Discussion**

4  Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to
5  state a cognizable claim for relief.  As Plaintiff is proceeding pro se, he will be granted leave to
6  amend his complaint to cure the identified deficiencies to the extent he can do so in good faith.
7  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his
8  allegations.

9  **A.    Federal Rule of Civil Procedure 8**

10  Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
11  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed
12  factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,
13  supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation
14  omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to
15  relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
16  While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*,
17  550 U.S. at 556–557.

18  Plaintiff's complaint alleges various claims but does not state which facts relate to which
19  claim or how the facts relate to the legal claims raised. Although Plaintiff names P.O. Mazuka as
20  a defendant, he is not identified anywhere in the factual allegations. It is unclear which claims
21  Plaintiff asserts against P.O. Mazuka and what the factual basis for those claims may be. Plaintiff
22  fails to adequately describe specific actions taken by each of the defendants named in the
23  complaint that violated his constitutional rights. Instead, the complaint is filled with opaque,
24  scattershot factual allegations and generalized statements. This is not permissible because it does
25  not give the defendants "fair notice" of the claims against which they must defend and the facts
26  and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

27  Plaintiff must set forth factual allegations against each named defendant sufficient to state
28  a claim. If Plaintiff elects to amend his complaint, he must separate each claim, state the legal

3

basis for the claim, and identify how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so may result in dismissal of this action.

### B.     Linkage Requirement

The Civil Rights Act, under which certain claims proceed, provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges a chronology of events and circumstances following his release from Wasco State Prison. However, Plaintiff fails to link each defendant to his claims. Additionally, as mentioned above, Plaintiff refers generally to at least two different "PO[s]" but does not identify P.O. Mazuka or describe his involvement. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff must clearly identify which defendant(s) he believes are responsible for each violation of his constitutional rights and set forth the supporting factual basis so that the complaint places each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004). A chronological listing is insufficient, and Plaintiff must instead link each defendant to specific constitutional claims.

### B.     Eleventh Amendment Immunity

Plaintiff may not pursue a civil rights claim pursuant to 42 U.S.C. § 1983 against CPS. CPS is not a proper defendant because it is a state entity immune from suit under the Eleventh

Amendment. *See Gomez v. Fresno Police Dep't*, 2016 WL 2939416, at *4 (E.D. Cal. May 20, 2016) (finding Child Protective Services not a proper defendant in section 1983 action because it is a state entity immune from suit under the Eleventh Amendment).[1]

A claim for civil rights violations pursuant to section 1983 requires a "person" acting under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Hopton v. Fresno Cty. Human Health Sys.*, 2020 WL 3035157, at *6 (E.D. Cal. June 5, 2020) ("[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality.") (citation omitted); *Sanders v. Aranas*, 2008 WL 268972, at *2-3 (E.D. Cal. Jan. 29, 2008) (Fresno Police Department not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

Additionally, a public entity cannot be held vicariously liable for the actions of its employees in violation of section 1983 on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,*, 436 U.S. 658 (1978). Rather, a municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. To impose municipal liability under § 1983 for a violation

---

[1] Although Plaintiff has not named any individual CPS employees as defendants, to assist Plaintiff the Court notes that social workers are also absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran*, 514 F.3d at 908. "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v. Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller*, 335 F.3d at 898. Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id.*

of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68. Thus, even if Plaintiff properly named a local government unit subject to suit under section 1983, the complaint fails to state a claim against it because there is no allegation that any action inflicting injury flowed from either an explicitly adopted or a tacitly authorized governmental policy.

### C.    Child Custody Claims

The crux of Plaintiff's complaint appears to involve child custody and visitation issues. Notably, Plaintiff's allegations seem to indicate that he has appealed the state court decision regarding custody of his children. Further, Plaintiff requests that the Court return his children to him.

The Court is without jurisdiction over Plaintiff's claims concerning child custody issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter."). "Even when a federal question is presented, federal courts decline to hear

disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson,* 798 F.2d 1547, 1558 (9th Cir.1986).

Further, to the extent Plaintiff is challenging an order of the state court regarding custody or visitation, he may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See, e.g., Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court ... has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims against CPS or its employees relating to the removal of his daughters from his custody, which presumably arise from state court orders, would be barred by the *Rooker-Feldman* doctrine. *Johnson v. Child Protective Servs.*, 2017 WL 4387309, at *2 (E.D. Cal. Oct. 3, 2017) (finding that constitutional claims relating to plaintiffs' children being removed from their custody and placed in foster care, which were the subject of a state court action, barred by the *Rooker-Feldman* doctrine).

**D.     Fifth Amendment**

Plaintiff's complaint claims that his constitutional rights arising under the Fifth Amendment were violated. The Fifth Amendment protects one's right to be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir.2008). None of the defendants named in the complaint are federal actors. As such, Plaintiff fails to state a cognizable claim for relief for violation of the Fifth Amendment's due process clause.

The Fourteenth Amendment, in turn, prohibits state deprivations without due process. *Bingue,* 512 F.3d at 1174. However, even construing the complaint liberally, the Court cannot discern from the complaint which, if any, of Plaintiff's rights arising under the Fourteenth

Amendment were violated or what affirmative act or omission each defendant committed to cause such a violation. If Plaintiff chooses to amend his complaint, he must specify which of his constitutional rights he contends was violated and allege, in specific terms, how each defendant is involved.

### E. Due Process

It appears that Plaintiff may be alleging a denial of familial association. However, the nature of this claim is unclear. Out of an abundance of caution, the Court nevertheless provides Plaintiff with the standard for such a claim.

Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.' " *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.,* 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *accord Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985). Further, the Supreme Court held long ago that an unwed father's interest in having custody of his children is cognizable and substantial. *Stanley,* 405 U.S. at 652.

A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference .... That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."); *see also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

The right to familial association has both a procedural and a substantive component.

*Keates*, 883 F.3d at 1236. "While the right is a fundamental liberty interest, officials may interfere with the right if they "provide the parents with fundamentally fair procedures[.]" *Keates*, 883 F.3d at 1236 (internal citations omitted); see also *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) ("[T]he Fourteenth Amendment[] guarantee[s] 'that parents and children will not be separated by the state without due process of law except in an emergency.'") (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)). Substantively, "'official conduct that 'shocks the conscience' in depriving [family members] of [a liberty interest in the companionship and society of a family member] is cognizable as a violation of due process.'" *Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1176 (E.D. Cal. 2019) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)); *Estate of Prasad ex rel. Prasad v. Cty. of Sutter*, 958 F. Supp. 2d 1101, 1126 (E.D. Cal. 2013) (To violate the substantive due process right to family integrity, a defendant's "alleged conduct must 'shock[ ] the conscience.'") (citations omitted); *but see Crowe v. Cnty. of San Diego,* 608 F.3d 406, 441 n. 23 (9th Cir.2010) ("The standard for deprivation of familial companionship is 'unwarranted interference,' not conduct which 'shocks the conscience.'") (citations omitted). In determining whether conduct shocks the conscience, the Court must first ask whether the circumstances are such that actual deliberation is practical. *Wilkinson,* 610 F.3d at 554. Where actual deliberation is practical, then "deliberate indifference" may suffice to shock the conscience. *Id.*

"While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989). To state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. *Id.* at 1125. "Officials may not remove children from their parents without a court order unless they have 'information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'" *Keates*, 883 F.3d at 1236 (quoting *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)); see also *Caldwell v. LeFaver,* 928 F.2d 331, 333 (9th Cir. 1991) (a state agency may remove children from their parents' custody in

an emergency situation if the children are subject to immediate or apparent danger or harm.).

Here, it is unclear whether Plaintiff's children were removed by court order, but it appears such an order may exist in light of Plaintiff's allegations. Plaintiff cannot state a cognizable claim for denial of familial association in violation of due process where a lawful removal court order has issued. Plaintiff fails to plead sufficient facts to demonstrate he was not accorded the due process rights of notice and an opportunity to be heard in the proceeding. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Nor has Plaintiff pled sufficient factual detail for the Court to determine whether defendants' actions or policies "shocked the conscience" for purposes of a substantive due process claim.

### F. State Law Claims

#### 1. Claims Presentation Requirement

Plaintiff asserts state law claims for false information, slander, and defamation of character. However, Plaintiff fails to show compliance with the claims presentation requirement so as to be allowed to proceed on any such claims in this action.

As set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public

entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239 (fn. omitted).

Federal courts likewise must require compliance with the claims presentation requirement for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D. Cal.2008).

### 2.  Supplemental Jurisdiction

Additionally, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court declines to individually screen Plaintiff's purported state law claims.

### V.  Conclusion and Order

Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or otherwise harmed Plaintiff. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey,* 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **July 21, 2020**        /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE