1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RAYMUNDO LEAL,

Plaintiff,

v.

P.O. MUZUKA, et al.,

Defendants.

Case No.  1:19-cv-01223-DAD-BAM

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF ACTION FOR
FAILURE TO OBEY A COURT ORDER
AND FAILURE TO PROSECUTE

(Doc. No. 6)

**THIRTY-DAY DEADLINE**

Plaintiff Jose Raymundo Leal ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action on September 5, 2019.  (Doc. No. 1.)

On July 21, 2020, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days of service of the Court's order.  (Doc. No. 6.)  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, the Court would recommend dismissal of this action for failure to obey a court order and for failure to state a claim.  (*Id.*) On July 27, 2020, the Court's screening order was returned as undeliverable.

The deadlines for Plaintiff to file his amended complaint and to notify the Court of his address have passed. Plaintiff has not complied with the Court's order, filed a notice of address, or otherwise communicated with the Court.

I.      **Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

1

1   within the inherent power of the Court."  District courts have the inherent power to control their

2   dockets and "[i]n the exercise of that power they may impose sanctions including, where

3   appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A

4   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

5   failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46

6   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,*

7   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

8   amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987)

9   (dismissal for failure to comply with court order).

10      Additionally, Plaintiff is required to keep the Court apprised of his current address at all

11   times. Local Rule 183(b) provides:

12      **Address Changes.**  A party appearing *in propria persona* shall keep the Court and
     opposing parties advised as to his or her current address.  If mail directed to a
13      plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and
     if such plaintiff fails to notify the Court and opposing parties within sixty-three (63)
14      days thereafter of a current address, the Court may dismiss the action without
     prejudice for failure to prosecute.
15

16   Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to

17   prosecute.[1]

18      In determining whether to dismiss an action, the Court must consider several factors: (1)

19   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

20   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

21   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

22   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

23      Here, this action has been pending since September of 2019 and Plaintiff's amended

24   complaint is overdue. Additionally, according to the Court's docket, Plaintiff's notice of his

25   current address was due no later than September 28, 2020.  The action cannot proceed without

26   Plaintiff's cooperation and compliance with the Court's orders and Local Rules. Moreover, the

27

28   _____

[1]      Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.,* 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

Court cannot hold this case in abeyance awaiting compliance by Plaintiff.  The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Additionally, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 21, 2020 order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. No. 6.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's initial application to proceed in forma pauperis in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**II.     Conclusion and Order**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

3

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**November 5, 2020**__            ____/s/ *Barbara A. McAuliffe*_____
                                                           UNITED STATES MAGISTRATE JUDGE