UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYMUNDO LEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>P.O. MIZUKA, and CHILD PROTECTIVE SERVICES,<br><br>    Defendants. | No. 1:19-cv-01223-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>(Doc. No. 7) |

Plaintiff Jose Reymundo Leal, a former state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 21, 2020, the assigned magistrate judge screened plaintiff's complaint, finding the pending action did not comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief, and granting plaintiff leave to amend within thirty days after service of the order.

---

[1] Plaintiff was apparently a county jail inmate at the time he filed his complaint in this action. (Doc. No. 1.) On October 7, 2019, plaintiff filed a notice of change of address with the court indicating that he was at that time incarcerated at Wasco State Prison and providing the court with his new address. However, on February 11, 2021, the court performed searches both using petitioner's name and his prisoner number the California Department of Corrections and Rehabilitation ("CDCR") inmate locator website, which yielded no records. *See* CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (running separate searches for "Leal" and then "BK4437"). Accordingly, this court takes judicial notice of the fact the petitioner is no longer incarcerated. Fed. R. Evid. 201.

(Doc. No. 6.) On July 27, 2020, the screening order was served on plaintiff by mail directed to his address of record but was returned to the court as undeliverable. On November 6, 2020, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice due to plaintiff's failure to obey the court's order and failure to prosecute this action. (Doc. No. 7 at 3–4.) These findings and recommendations were served on plaintiff at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.*) On November 13, 2020, the pending findings and recommendations were also returned to the court as undeliverable. Plaintiff has not filed objections or updated his address,[2] and the time to do so has since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 6, 2020 (Doc. No. 7) are adopted in full;
2. This action is dismissed without prejudice for plaintiff's failure to obey the court's order and failure to prosecute this action; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 11, 2021**          /s/ Dale A. Drozd
                                       UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff was aware that he was required to maintain an updated address and, as indicated above has previously filed a notice of change of address in this action. (Doc. No. 3.)

2